**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARTIN YAO GAMADO, | Civil Action No. 08-3831 (FLW) |
| Plaintiff, |  |
| v. | **O P I N I O N** |
| WHITE, et al., |  |
| Defendants. |  |

**APPEARANCES:**

Martin Yao Gamado, Pro Se
S/C Sedjro A. Claude
B.P. 7909
Lome Togo, W. Africa

**WOLFSON**, District Judge

    Plaintiff Martin Yao Gamado, residing in West Africa but formerly an alien confined at the Monmouth County Jail, Freehold, New Jersey and the Metropolitan Detention Center, Brooklyn, New York, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915, and alleges violations of his constitutional rights. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

    At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim

upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

Plaintiff states that on November 20, 2006, he was in immigration custody being transferred from the Monmouth County Jail, Freehold, New Jersey, to the Metropolitan Detention Center, Brooklyn, New York.  Bureau of Immigration and Customs Enforcement ("ICE") officers, defendants White and Ragoonath, were given Petitioner's personal property, which was lost during the transfer to Brooklyn.  Plaintiff states that he lost a gold necklace and ring, which have been in the family for generations.  He asks the Court to help him get back his property and to award monetary damages.

## DISCUSSION

**A.    Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the

requirement, embodied in 28 U.S.C. § 1915(e)(2)(B), that a court must dismiss, at the earliest practicable time, any in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, ---U.S. ----, ----, 127 S.

3

Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

**B.   <u>Actions against Federal Officers</u>**

In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), the Supreme Court held that one is entitled to recover money damages for injuries suffered as a result of federal officials' violation of the Fourth Amendment.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and under the equal protection component of the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages

4

remedy against the officer responsible for the violation." Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412 (1988)).

Liberally construing the complaint, plaintiff contends that the defendants, ICE officers have deprived him of property without due process of law in violation of the Fifth Amendment.

Plaintiff cannot proceed in a Bivens-type action for damages against the ICE officers, in their official capacity. The United States has sovereign immunity except where it consents to be sued. See United States v. Mitchell, 463 U.S. 206, 212 (1983). A suit against a government officer in his or her official capacity is a suit against the government. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). A Bivens-type claim for monetary damages is not available against the United States or federal agencies. See FDIC v. Meyer, 510 U.S. 471, 484-87 (1994).

The Federal Tort Claims Act ("FTCA") is a limited waiver of the sovereign immunity of the United States and provides, generally, that the United States shall be liable, to the same extent as a private party, "for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b); see 28 U.S.C.

§ 2674.  The FTCA contains an exception to the waiver of sovereign immunity, however, with respect to:

> Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . .

28 U.S.C. § 2680(c).

The term "other law enforcement officer" has been construed broadly to include, among others, ICE officers.  See Halverson v. United States, 972 F.2d 654, 655-56 and n.11 (5th Cir. 1992) (noting that employees of the Immigration and Naturalization Service [now known as the Bureau of Immigration and Customs Enforcement] are authorized to make arrests pursuant to 8 U.S.C. § 1356), cert. denied, 507 U.S. 925 (1993); Ysasi v. Rivkind, 856 F.2d 1520, 1524-25 (Fed. Cir. 1988) (and cases cited therein). In addition, the Supreme Court has construed § 2680(c) to include within its scope claims "resulting from negligent handling or storage of detained property."  Kosak v. United States, 465 U.S. 848, 854 (1984).

Thus, the claims for money damages against the federal defendants, in their official capacity, are barred by sovereign immunity and must be dismissed for lack of jurisdiction.

Leaving aside the question whether a damages remedy should be implied under Bivens in the circumstances presented here, plaintiff fails to allege a Bivens-type claim against the

6

officers in their individual capacity, as he alleges nothing more than loss of property through negligence.  See Daniels v. Williams, 474 U.S. 327, 328 (1986) (negligence of federal agent resulting in property loss does not rise to the level of a constitutional deprivation, which requires intentional action). Where improper motive is an element of a claim, plaintiff must "put forward specific, nonconclusory factual allegations" that establish improper motive.  See Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (citation omitted); see also Coyne v. United States, 233 F. Supp.2d 135, 143-44 (D. Mass. 2002) (pursuant to Crawford-El, plaintiff in Bivens-type action must allege that government defendant intentionally interfered with plaintiff's constitutional rights).  Plaintiff here makes no such allegations.  Thus, plaintiff has failed to state a Bivens-type claim against the officers in their individual capacity.[1]

---

[1]  If plaintiff can make a showing of intentional interference with his constitutional rights, as set forth in this Opinion, he may move to reopen his case.  Nothing in the complaint, as pled, indicates intentional interference.

## **CONCLUSION**

For the reasons set forth above, plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


                                           s/Freda L. Wolfson
                                           FREDA L. WOLFSON
                                           United States District Judge

Dated: September 24, 2008